Trinidad et al., Apelantes, *v.* Sucesión Trinidad et al., Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 906.—Resuelto en junio 4, 1913.

Institución de Heredero a Día que Indudablemente ha de Venir—Trasmisión del Derecho Hereditario en Tal Caso a los Herederos de los Instituídos—Cuándo Tiene Lugar.—Las instituciones de heredero a día cierto o que indudablemente ha de venir, por más que se ignore cuándo, son legales, se equiparan a las puras y crean derechos trasmisibles a los herederos de los instituídos desde el fallecimiento de los testadores, sin que obste que antes que uno de éstos, muera el heredero propietario.

Acción Reivindicatoria—Título de Heredero—Non Suit.—El título de heredero no es suficiente por sí solo para reclamar para sí una porción determinada y concreta de una finca correspondiente a una herencia indivisa sin haberse

llevado antes a cabo la partición y adjudicación de los bienes hereditarios, y no comete error la corte que así lo declara, resolviendo una moción de *non suit* presentada por la parte demandada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel F. Rossy.*

Abogado de los apelados, José Navarro Monzón, José Albite, Antonio, Cristóbal y Domingo Trinidad y Diego Ayuso: *Sr. José G. Torres.*

EL JUEZ ASOCIADO DEL TORO emitió la opinión del tribunal.

José, Juan y Francisco Trinidad, establecieron una demanda en la Corte de Distrito de San Juan contra las personas arriba indicadas, alegando, en resumen, lo que sigue:

1. María del Pilar Trinidad falleció en Río Piedras el 4 de junio de 1892 bajo testamento otorgado ante notario el 3 de abril de 1892, en el que nombró heredera usufructuaria vitalicia de sus bienes a su hermana Petrona Trinidad, y herederos en pleno dominio de los mismos para después de la muerte de la usufructuaria, a sus sobrinos Severiano Trinidad y Leandro Trinidad, y a Demetria Jorge casada con Valerio Villegas, y designó como albaceas a Petrona Trinidad en primer término y en segundo a Severiano Trinidad.

2. En su dicho testamento declaró la testadora que sus bienes consistían en una estancia de 30 cuerdas en el barrio del "Caimito," otra de 34 cuerdas en el barrio de "Quebrada Arenas," ambos barrios del municipio de Río Piedras, 14 cabezas de ganado en poder de Severiano Trinidad y 9 en poder de Valerio Villegas.

3. Petrona Trinidad murió hace años, ignorando los demandantes la fecha de su muerte.

4. Alejandro Trinidad, que es el mismo Leandro Trinidad heredero de María del Pilar Trinidad, falleció el 13 de mayo de 1895 dejando varios hijos, de los cuales sólo viven hoy los demandantes que son sus herederos, mayores de edad y con capacidad para establecer esta demanda.

5. Severiano Trinidad y Demetria Jorge junto con el marido de ésta Valerio Villegas, se apoderaron de los bienes de

la testadora, y unidos a José Cayuela Alcaraz, los manejaron y dispusieron de ellos, sin contar con la voluntad del otro heredero Leandro Trinidad, y realizaron las siguientes operaciones:

(*a*) Severiano Trinidad y Demetria Jorge con su esposo Valerio Villegas, iniciaron un expediente, que aprobó el Juez Municipal de Río Piedras el 18 de febrero de 1897 para justificar la posesión que tenían por herencia de Pilar Trinidad, de dos fincas rústicas, una de 30 cuerdas en el barrio del "Caimito" y otra de 34 cuerdas en el barrio de "Quebrada. Arenas," ambos barrios de Río Piedras. Las dos fincas se describen debidamente.

(*b*) Los indicados Severiano Trinidad, y Demetria Jorge con su esposo Valerio Villegas, vendieron a José Cayuela y Alcaraz por escritura pública de 7 de junio de 1897 que se inscribió en el registro de la propiedad, 30 cuerdas de la finca del "Caimito," y de la finca de "Quebrada Arenas" vendieron 17 cuerdas a José Navarro Monzón, por escritura pública de 7 de junio de 1897, que se inscribió en el registro de la propiedad. Demetria Jorge vendió por separado, sin título, diez cuerdas al dicho Navarro y éste formalizó un expediente para acreditar la posesión de ellas y lo inscribió en el registro de la propiedad. Luego Navarro agrupó los dos pedazos de terreno así adquiridos y formó una finca de 27 cuerdas, que se describe debidamente, y la vendió a Doña Angela Quiñones por escritura pública de 9 de enero de 1899. La Señora Quiñones vendió a su vez la finca, el 10 de febrero de 1902, a Pablo Ramón y Caballero; éste la vendió, el 16 de marzo de 1903, a Florencio García Nieves y éste, el 31 de enero de 1907, la vendió a Diego Ayuso. Todas las expresadas ventas constan inscritas en el registro de la propiedad.

6. Los demandantes tienen noticia de que la finca del "Caimito" comprende una extensión de 84 a 96 cuerdas y la de "Quebrada Arenas" es mayor de 34 cuerdas.

7. Severiano Trinidad y Valerio Villegas, dispusieron respectivamente del ganado que quedó en poder de ambos.

8. El tercio de todas los bienes hereditarios corresponde a Leandro Trinidad y en su representación a sus tres hijos los demandantes. Dicho tercio vale más de quinientos pesos y los terrenos están situados en la municipalidad de Río Piedras del distrito judicial de San Juan.

9. Se alega el fallecimiento de Petrona Trinidad, de Severiano Trinidad y de José Cayuela y se consignan los nombres de sus sucesores y la residencia de todos los demandados.

Basándose en las anteriores alegaciones, los demandantes pidieron a la corte que se sirviera decretar:

1. Que Leonardo. Trinidad, heredero de María del Pilar Trinidad, es el mismo Alejandro Trinidad, padre de los demandantes.

2. Que los demandantes son dueños de la tercera parte proindivisa de los bienes dejados a su muerte por María del Pilar Trinidad.

3. Que en lo referente al dominio del tercio proindiviso de los demandantes, son nulos los expedientes posesorios y las ventas que se especifican en la demanda y se vuelven a especificar en la súplica.

4. Que son nulas también las inscripciones en el registro de los expresados expedientes posesorios y ventas de terreno.

5. Que los demandados (se nombran) entreguen a los demandantes la tercera parte de los indicados terrenos que poseen.

Declaradas sin lugar varias excepciones previas propuestas, y contestada la demanda por algunos de los demandados, se procedió a la celebración del juicio. Consta anotada la rebeldía de los demandados José Cayuela 2°., José Albite, y Sucesiones de Petrona Trinidad, de Severiano Trinidad y de José Cayuela.

Presentada la prueba por los demandantes, los demandados que comparecieron al juicio solicitaron que se desestimara la demanda por falta de prueba y la corte así lo decidió por sentencia de 7 de septiembre de 1911 contra la cual interpusieron los demandantes el presente recurso de apela-

ción, cuya vista se celebró ante esta Corte Suprema el 21 de febrero de 1913 con la comparecencia de los demandantes y de los demandados Navarro, Albite, Ayuso, y Antonio, Cristóbal y Domingo Trinidad, por medio de sus abogados.

Los apelados alegan que los demandantes no tienen la condición de herederos de María del Pilar Trinidad. Fundan su alegación en que María del Pilar en su testamento nombró heredera usufructuaria vitalicia a Petrona Trinidad y herederos para después de la muerte de Petrona, a Severiano y Alejandro Trinidad y a Demetria Jorge, y en que Alejandro Trinidad, padre de los demandantes, falleció antes que Petrona la heredera usufructuaria. Es decir que los apelados sostienen que el derecho de los herederos Severiano, Alejandro y Demetria, nacía no a la muerte de la testadora, sino a la muerte de la heredera usufructuaria.

La cuestión suscitada ha sido terminantemente resuelta en sentido contrario al sostenido por los apelados, por sentencia del Tribunal Supremo de España de 27 de abril de 1888, en la que se estableció la siguiente doctrina:

"Otorgado testamento por el que dos cónyuges se instituyeron mutuamente herederos usufructuarios y dejaron la propiedad de los bienes de ambos a una tercera persona, la voluntad de los testadores claramente significada en dicha cláusula, fué reservar para el cónyuge supérstite el usufructo vitalicio del caudal común y trasmitir la propiedad del mismo a su único y universal heredero, el cual, en virtud del fallecimiento del testador adquirió derecho perfecto e irrevocable a la porción de bienes hereditarios que a éste correspondía, derecho que pudo transferir por su muerte a sus herederos, porque, según tiene declarado el Tribunal Supremo, las instituciones de heredero a día cierto o que indudablemente ha de venir, por más que se ignore cuándo, son legales, se equiparan a las puras y crean derechos trasmisibles a los herederos de los instituídos desde el fallecimiento de los testadores, sin que obste, que antes que uno de éstos muera el heredero propietario, porque el señalamiento de este suceso afectaría solamente al usufructo y marcaría la duración del mismo, una vez separado del derecho de propiedad.

"En el caso últimamente supuesto ha de entenderse que los derechos del heredero propietario nacieron con la institución, se hicieron

efectivos y transmitieron en su día al fallecer el testador y se consolidaron con el usufructo al terminar éste por fallecimiento del cónyuge supérstite.'' 63 Jurisprudencia Civil, 696.

Decidida la cuestión suscitada por los apelados en tal sentido, procederemos a considerar el verdadero fundamento de la sentencia de *non suit* dictada, o sea el de que ejercitando los demandantes la acción reivindicatoria, no probaron ni el dominio, ni la identidad de las fincas reclamadas.

La prueba de los demandantes practicada en este caso consiste en: 1, copia de la declaración de herederos de Leandro Trinidad hecha por la corte a favor de los demandantes; 2, testimonio del testamento otorgado por María del Pilar Trinidad; 3, certificación de nacimiento del demandante Juan Trinidad; 4, certificación del registro de la propiedad comprensiva de particulares referentes a las inscripciones indicadas en la demanda, y 5, declaraciones de los testigos Sandalio Benítez, Alejandro Molina, Juan Pío Delgado y José Navarro Monzón quienes depusieron sobre la muerte de María del Pilar, el testamento que otorgara, los bienes que dejara, la no entrega de su participación a los demandantes, etc. Los demandantes no presentaron prueba de ninguna especie que demostrara que, judicial o extrajudicialmente, se hubiera liquidado y partido la herencia entre los herederos de María del Pilar Trinidad.

Estudiada cuidadosamente la demanda, se concluye que la acción ejercitada en este caso se dirige finalmente a obtener el reconocimiento a favor de los demandantes del dominio de una tercera parte indivisa en determinados bienes inmuebles, procedentes de la herencia de María del Pilar Trinidad.

Los demandantes prescinden de todas las leyes especiales que existieron siempre y existen en la actualidad en Puerto Rico para liquidar las herencias y adjudicar su participación a cada heredero, y en un juicio declarativo pretenden solucionar todo el problema.

Ya en 1906, en el caso de *Fernández* v. *Gutiérrez del Arroyo*, esta Corte Suprema aceptó la siguiente doctrina:

"La acción encaminada a la división de bienes hereditarios perte-
necientes a dos herencias testadas indivisas, debe ejercitarse en el
juicio universal de testamentaría y no en un juicio declarativo, sin que
sea lícito a las partes prescindir de los trámites especiales fijados por
la ley para adoptar otros a su arbitrio." 10 D. P. R., 60.

Luego, en 1911, en el caso de *Fernández et al.* v. *Velázquez,*
citó con aprobación la sentencia del Tribunal Supremo de
España de 13 de junio de 1901, en la que se sostiene "que
mientras no se haga la liquidación de la herencia, y por conse-
cuencia de ella la correspondiente partición y adjudicación
a cada heredero de lo que le corresponde, carecen éstos de ver-
dadero título que les sirva para reivindicar los bienes con-
cretos y determinados de la misma herencia, pues para tal
acción no es título suficiente el testamento." 17 D. P. R., 753.

Y en el propio año de 1911, en el caso de *Velilla* v. *Pizá
et al.,* 17 D. P. R., 1116, 1117, opinó sigue:

"Es cierto que los artículos 657 y 661 del anterior Código Civil, con-
cordantes con los 665 y 669 del vigente, establecen que los derechos a
la sucesión de una persona se trasmiten desde el momento de su muerte
y que los herederos suceden al difunto por el solo hecho de su muerte
en todos sus derechos y obligaciones, y de acuerdo con esos artículos,
el heredero o los herederos si hubiere más de uno, en su totalidad
adquieren el derecho dominical del causante. El título de heredero
transmite un derecho sobre el conjunto de los bienes hereditarios;
por virtud de él todos los herederos por el hecho de la muerte de su
causante, llegan a ser dueños en común; pero mientras no se practi-
quen las diligencias de partición y adjudicación, mientras en virtud
de ellas no cese esa comunidad, ninguno puede decirse ni ser consi-
derado como dueño único y exclusivo de una porción determinada o
parte alícuota, fija y concreta de los bienes de la herencia, cuyo con-
cepto es requisito que debe justificarse para que pueda prosperar una
acción reivindicatoria. Tales artículos confieren un derecho sobre
todos y cada uno de los bienes hereditarios, pero no un derecho con-
creto en determinados bienes, lo que sólo se obtiene por la adjudica-
ción hecha legalmente en las operaciones particionales."

Aplicando los anteriores principios al caso concreto que resolvemos, es necesario concluir que la corte de distrito estuvo justificada al resolver que la parte demandante no probó un título de dominio con respecto a los bienes reclamados en su demanda, suficiente para reivindicarlos del poder y posesión de los demandados.

Declarar con lugar la demanda en este caso equivaldría a resolver, que se puede prescindir en absoluto de la ley de procedimientos legales especiales de 1905 a voluntad de cualquier litigante.

El legislador ha fijado reglas claras, precisas y completas marcando el procedimiento que debe seguirse en los casos de herencia testada o intestada. El Título I de la ley sobre la materia, (Leyes de 1905, pág. 213), se refiere a los juicios de testamentaría y abintestato y abarca trece capítulos que tratan: 1, del modo de elevar a escritura pública el testamento o codicilo hecho de palabra; 2, de la apertura y protocolización de testamentos cerrados; 3, de la declaración de herederos; 4, de la administración de los bienes de finados sin parientes conocidos; 5, de la administración judicial de los bienes de un finado; 6, del inventario; 7, de la administración de los bienes del finado; 8, de las acciones en que eran partes los finados; 9, de la remuneración de administradores y albaceas; 10, de la presentación de cuentas por los administradores y albaceas; 11, de los derechos de acreedores y pago de deudas; 12, de la aceptación del cargo de albacea o administrador, y 13, de las acciones para determinar la validez de los testamentos. El Título II de dicha ley comprende un solo capítulo que trata de la división y partición de la herencia.

De esos trámites, tan bien ideados y juiciosamente calculados, se apartan los demandantes en el presente caso y pretenden, por la sola presentación de su demanda y de las pruebas a que nos hemos referido, que la corte declare que les corresponde el dominio de la tercera parte indivisa de los bienes que especifican, bienes que casi en su totalidad

han pasado, a virtud de contratos de venta inscritos en el registro de la propiedad, a poder y posesión de otras personas distintas de los herederos de María del Pilar Trinidad.

Tal vez a los demandantes no se les haya entregado en realidad de verdad lo que legítimamente les corresponda, pero, si esto es así, el procedimiento que eligieron no es el adecuado para obtener el reconocimiento de sus derechos.

En casos de esta naturaleza es necesario comenzar por establecer legalmente la verdadera personalidad continuadora de la del difunto. Cuando la herencia es testada como sucede con la de que se trata en este pleito y se nombra albacea por el testador, corresponde al albacea ejecutar la voluntad del testador. Si el albaceazgo termina antes de que la voluntad del testador se haya cumplido, (arts. 884 y 885 del Código Civil revisado), corresponde su ejecución a los herederos. Si éstos actúan de común acuerdo y tienen la capacidad civil necesaria, y proceden de buena fe, judicial o extrajudicialmente, el problema se soluciona justa y fácilmente. Si no actúan de común acuerdo, si surgen dificultades, se debe acudir a la corte de distrito competente y ésta encauzará los procedimientos, aplicando la ley reguladora del caso.

Los bienes de la herencia deben inventariarse y administrarse tal como prescribe la ley. Si dichos bienes o alguno de ellos se encuentran en poder de personas que los disfrutan sin derecho alguno, deben reclamarse para la herencia instituyéndose los pleitos que fueren necesarios, y cuando las deudas del difunto hayan sido investigadas suficientemente y pagadas en su caso o se hayan separado bienes bastantes para pagarlas, procede la partición de la herencia y la adjudicación a cada heredero de lo que legítimamente le corresponda.

La naturaleza misma de la herencia demuestra, pues, la necesidad de disposiciones especiales que la regulen, y cuando existen esas disposiciones especiales, deben complirse y no eludirse como trataron los demandantes de eludirlas en el presente pleito.

En tal virtud y por los motivos consignados, opinamos que debe declararse sin lugar el recurso y confirmarse la sentencia apelada, sin perjuicio de los derechos que puedan tener los demandantes a reclamar en debida forma la herencia que pueda corresponderles.

*Confirmada sin perjuicio del derecho de los demandantes a reclamar en debida forma la parte de la herencia objeto de este pleito.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.