Lassús et al., Demandantes y Apelantes, v. Ducret et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre división de comunidad y entrega de bienes hereditarios con sus frutos.

No. 1804.—Resuelto en junio 6, 1918.

División de Comunidad—División de Herencia—Procedimiento Adecuado.— Cuando las alegaciones de la demanda no determinan la acción *communi dividundo* sino la de división de herencia, esta acción debe ejercitarse con arreglo a la Ley de Procedimientos Legales Especiales de 1905, pues los preceptos concernientes a la comunidad de bienes y a la partición de herencia son distintos y se encuentran consignados en el título 3º. del libro 2º. y en la sección 2ª., Capítulo 6º., título 3º., del libro 3º. del Código Civil.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Enrique Rincón y R. Díaz Cintrón.*

Abogado de los apelados: *Sr. José Martínez Dávila.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 9 de noviembre del año 1917, los demandantes radicaron en la Corte de Distrito de San Juan, Sección 1ª., una demanda sobre división de comunidad y entrega de bienes hereditarios con sus frutos, bajo las siguientes alegaciones:

Que Juan Bautista Lassús fué casado en primeras nupcias con Casimira Fernández, en cuyo matrimonio tuvo una hija llamada Carmen la que se casó con Crisanto Ducret y falleció dejando dos hijos nombrados Luisa y Benito Aurelio Ducret Lassús.

Que Lassús contrajo segundo matrimonio con Estéfana Sánchez en el que procreó dos hijas llamadas María Gabina Antonia y Alina Concepción Carmen, de las cuales casó la segunda con José Padró Gumá y falleció quedando cinco hijos de ese matrimonio llamados Clotilde, Carmen, Rafael, Monserrate y Luz María Padró Lassús.

Que Juan Bautista Lassús y Estéfana Sánchez fallecie-

ron respectivamente en 15 de febrero de 1892 y en 22 de octubre de 1904 sin haber otorgado disposición testamentaria alguna y dejando como únicos y universales herederos a sus hijos y nietos anteriormente referidos, declarados tales por resolución de la corte de distrito.

Que los únicos bienes relictos por Juan Bautista Lassús y Estéfana Sánchez consisten en una finca con cabida de cuatro cuerdas más o menos situada en el barrio de Galateo de la jurisdicción de Toa Alta que tiene un valor de $550 y fué adquirida durante el matrimonio de ambos.

Que al morir Lassús quedó al frente de la finca su viuda Estéfana Sánchez sin que se practicaran operaciones divisorias, y muerta la Estéfana quedaron en posesión de la misma Luisa y Benito Aurelio Ducret y Lassús y su padre Crisanto Ducret, quienes no se han prestado a formalizar las operaciones divisorias a pesar de los requerimientos hechos por los demandantes.

Que los demandados han usufructuado por un período no menor de doce años la finca expresada, percibiendo los frutos producidos que estiman en $4,800.

Que de la finca corresponde una tercera parte de una mitad a Luisa y Benito Aurelio Ducret y Lassús por partes iguales; una tercera parte de una mitad, más la mitad de la otra mitad, a María Gabina Antonia Lassús Sánchez, e iguales participaciones a los cinco hijos de Alina Concepción Carmen Lassús Sánchez, todos por partes iguales.

La demanda concluye con la súplica de que se dicte sentencia ordenando: 1°. Que se divida la finca de que se trata atendiendo al interés que cada heredero tenga en ella. 2°. Que los demandados están obligados a colacionar en la partición $4,800 importe de los productos que llevan percibidos de la misma. 3°. Que hagan entrega a los demandantes de sus respectivas participaciones de acuerdo con la partición. 4°. Que los demandados paguen las costas, gastos, desembolsos y honorarios de abogado.

Los demandados opusieron a la demanda la excepción

previa de que no aduce hechos suficientes para determinar una causa de acción; y discutida convenientemente, la corte dictó sentencia en 29 de diciembre de 1917, declarándola con lugar y desestimando la demanda con imposición de costas y gastos a los demandantes. Esa sentencia está sometida a nuestra consideración a virtud de recurso de apelación contra ella interpuesto por la representación de los demandantes.

Examinadas las alegaciones de la demanda en relación con la súplica de la misma encontramos que lo que pretenden los demandantes es la división del haber hereditario de los consortes Juan Lassús y Estéfana Sánchez. Ellos mismos por modo expreso lo consignan en su alegato escrito ante esta Corte Suprema con las siguientes palabras: "Somos dueños en común proindiviso con los demandados de una finca a título hereditario, y pedimos, no la reivindicación de parte alícuota de un fundo indiviso ostentando un título de heredero, sino la división de la comunidad, haciéndose ésta previa colación de frutos producidos y adjudicándose a los demandantes y entregándoseles la porción que les corresponda. Esta no es una reivindicación y sí una división de comunidad hereditaria. Más claro; es una petición de herencia."

Bajo la teoría establecida por los mismos demandantes y apelantes las alegaciones de la demanda no determinan la acción *communi dividundo* sino la de división de herencia, y esta acción en un caso como el presente debe ejercitarse con arreglo a la Ley de Procedimientos Legales Especiales de 1905. Véanse nuestras decisiones en los casos de *Fernández* v. *Gutiérrez del Arroyo,* 10 D. P. R. 60; *López* v. *López,* 14 D. P. R. 655; *Trinidad et al.* v. *Sucesión Trinidad et al.,* 19 D. P. R. 647; y *Vega et al.* v. *Rodríguez et al.,* 21 D. P. R. 334.

Los preceptos concernientes a la comunidad de bienes y a la partición de herencia se encuentran consignados en el título tercero del libro 2º. y en la sección 2ª., capítulo 6º., título 3º., Libro Tercero, del Código Civil. Ambas materias son distintas y no debe confundirse la una con la otra.

Opinando como opinamos improcedente la división de comunidad y entrega de bienes hereditarios mediante el procedimiento intentado por no ser éste el apropiado a dicho fin, se hace innecesario examinar como lo hace el juez en su opinión, si hay o no términos hábiles para la colación en la partición de los $4,800 percibidos por los demandados en concepto de frutos producidos por la finca.

También se ha establecido recurso de apelación contra una orden dictada en 8 de enero de 1918, con posterioridad a la sentencia, levantando un embargo que en bienes de los demandados se había decretado y llevado a cabo previa fianza. Desestimada la demanda, huelga el aseguramiento de la sentencia.

Por las razones expuestas son de confirmarse tanto la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección 1ª., en 29 de diciembre de 1917, como la orden levantando el embargo de bienes de los demandados.

*Confirmadas la sentencia apelada y la orden levantando el embargo decretado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.