José Miguel Rivera Borges, demandante y apelado, *v.* Virgenmina Cotto Colón, demandada y apelante.

Núm. 9608.—*Sometido:* Enero 13, 1948. *Resuelto:* Abril 22, 1948.

*Fernando Pérez Regis,* abogado de la apelante; *Ramón G. Goyco,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este es un pleito de divorcio establecido por el marido por la causal de trato cruel e injurias graves. La demanda

fué presentada el 31 de agosto de 1945 y originalmente se refería a hechos ocurridos entre los años 1941–1942. El juicio empezó el 29 de enero de 1947. Luego que el demandante hubo declarado por algún tiempo y resultando de su propia declaración que con posterioridad al año 1942 había habido reconciliación entre él y su esposa, solicitó de la corte permiso para enmendar su demanda de suerte que alegase que la conducta constitutiva de trato cruel se había extendido desde el año 1941 hasta el año 1946. La corte concedió el permiso con la oposición de la demandada, pero advirtió a ésta que estaba dispuesta a concederle un término para contestar y controvertir la alegación enmendada. La demandada alegó que la enmienda constituía una sorpresa para ella y solicitó un término para presentar prueba para controvertir la nueva alegación. La corte pospuso entonces la continuación del juicio para el 11 de febrero de 1947. En la fecha indicada continuó el juicio y la demandada presentó la prueba que estimó conveniente. Alega ella ahora que debemos revocar la sentencia que declaró con lugar la demanda de divorcio por haberse admitido una enmienda a la demanda con el objeto de incluir hechos acaecidos con posterioridad a su radicación y también porque la demanda debió desestimarse por haber existido una reconciliación entre las partes.

■■ Tratando de la reconciliación en casos de divorcio los artículos 103 y 104 del Código Civil(¹) prescriben:

"Artículo 103.—*La acción de divorcio se extinguirá* por la reconciliación de las partes, ocurrida, bien después de los hechos que le sirvan de fundamento, o bien después de haber sido ejercitada judicialmente dicha acción. (Bastardillas nuestras.)

"Artículo 104.—En caso de reconciliación, el demandante no podrá ejercitar *o continuar ejerciendo la acción que tuviere, pero*

---

(¹)Estos artículos fueron tomados del Código Civil de Luisiana y corresponden a los artículos 152 y 153 de dicho Código.

*queda en libertad de promover nuevo juicio* [nuevo pleito] (²) *por motivos ocurridos después de la reconciliación,* y en tal caso podrá alegar las anteriores causas para corroborar su nueva acción.'' (Bastardillas y materia entre corchetes nuestras.)

De conformidad con el artículo 103, probada la reconciliación, la acción se extingue por completo haya tenido lugar la reconciliación antes o después de radicarse la demanda. Y con arreglo al artículo 104 no podrá ejercitarse ni continuar ejercitándose la acción. El único remedio del cónyuge agraviado es promover un nuevo pleito por motivos ocurridos después de la reconciliación. En tal caso la conducta que había sido condonada podrá ser alegada para corroborar la nueva acción. En el caso de *Jones* v. *Jones,* 117 Pac. 414 (Oregon, 1911), la Corte Suprema de Oregon, interpretando un estatuto similar a los artículos 103 y 104 de nuestro Código Civil, resolvió que si antes o después de establecido el pleito ha sido perdonada la conducta en que el demandante descansa su demanda de divorcio, el pleito no puede prosperar aunque esa conducta se haya repetido después de la reconciliación, a menos que en la demanda original se hubiese alegado la conducta posterior a la reconciliación. Se resolvió, además, que en tal caso, es decir, cuando hay reconciliación y no se alega en la demanda original la conducta posterior, la corte carece de jurisdicción para continuar conociendo del pleito y la sentencia que se dictare decretando el divorcio es nula. Véase también el caso de *Collins* v. *Collins,* 193 So. 702 (La. 1940); Cf. Colín y Capitant, Derecho Civil, t. 1 (2da. ed. 1941), pág. 447.

En el presente caso quedó demostrado por la declaración del propio demandante que después de los actos realizados por la demandada durante los años 1941 y 1942 que el demandante alega son constitutivos de trato cruel, los esposos continuaron sus relaciones maritales sin interrup-

---

(²) La versión inglesa que es la que debe regir por tratarse de un estatuto de origen americano no dice ''new trial'' sino ''new suit'' o sea ''nuevo pleito''.

ción y en el año 1944 tuvieron una hija. Habiendo existido esa reconciliación, la corte inferior no tenía otra alternativa que desestimar la demanda sin perjuicio de que se presentara un nuevo pleito de divorcio por la conducta observada con posterioridad a la reconciliación, pudiendo, desde luego, alegarse la conducta anterior para corroborar la posterior. Ante el lenguaje preceptivo de los artículos 103 y 104 del Código Civil y la disposición de la sección 1 de la Ley núm. 9 de 5 de abril de 1941 (pág. 331)[3] no podemos en este caso aplicar las Reglas 15(b) y 15(c) de Enjuiciamiento Civil.

*Procede, por lo expuesto, revocar la sentencia apelada y dictar otra declarando sin lugar la demanda.*

---

[3] Esta sección prescribe, en lo pertinente, como sigue:

"La Corte Suprema de Puerto Rico, mediante reglas que promulgará y pondrá en vigor de tiempo en tiempo, tendrá la facultad de regular los procedimientos judiciales en todas las cortes de Puerto Rico, con el propósito de simplificar los mismos y promover una rápida administración de justicia. *Tales reglas no podrán derogar, ampliar o modificar los derechos sustantivos de los litigantes.*" (Bastardillas nuestras.)