RIGOBERTO BATIZ Y OTROS, peticionarios, *v.* TRIBUNAL SUPERIOR, SALA DE PONCE, HON. VÍCTOR VARGAS NEGRÓN, JUEZ, demandado.

*Número:* O-74-410      *Resuelto:* 11 de septiembre de 1975

*Luis Negrón López, Luis Negrón Lizardi* y *S. L. Lagarde Garcés,*
abogados de los peticionarios; (*) *Antonio Zapater Cajigas,*
abogado de Joaquín Batiz Oliveras.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Se trata de un procedimiento legal especial de división y
partición de herencia en el que la mayoría de los herederos
impugnan el informe particional preparado por el contador-
partidor de la herencia y sometido al tribunal por el albacea
testamentario y al respecto notifican a este último un inte-
rrogatorio invocando la Regla 30 de las de Procedimiento
Civil, y simultáneamente solicitan el nombramiento de un
comisionado especial bajo la Regla 41 del mismo cuerpo para
que éste estudie las operaciones particionales presentadas por
el contador-partidor.

■ El trámite comenzó con una petición *ex parte* en la
que se solicitaba la expedición de cartas testamentarias
al amparo del Art. 597 del Código de Enjuiciamiento Civil
de 1933, 32 L.P.R.A. sec. 2571, cuyo trámite es de los carac-
terizados como procedimiento legal especial. Continuaron las
gestiones usuales con la formación de inventario y la subsi-
guiente rendición periódica de cuentas por el albacea testamen-

---

(*) Dichos abogados han radicado una "Moción Sobre Renuncia
de Representación" de fecha 29 de julio de 1975. A esta fecha el Tribunal
nada ha provisto en relación a la misma.

tario, siguiéndose luego el trámite de división y partición de herencia (establecido por el Art. 1010 del Código Civil de Puerto Rico, y reglado por el Art. 597 del Código de Enjuiciamiento Civil de 1933), el cual comenzó con la aceptación del cargo de contador-partidor por el Lcdo. Antonio Zapater Cajigas, quien fuera designado para tal cargo por el testador. [1]

El Albacea solicitó y obtuvo prórroga del término de albaceazgo por haber vencido el término original de dos años más los dos años de prórroga que concediera el propio testador. Luego el contador-partidor rindió su voluminoso y complicado informe que consta de 97 páginas y en el cual se relacionan innumerables bienes valorados en la suma de cuatrocientos sesenta y un mil setecientos cinco dólares con quince centavos ($461,705.15).

Oportunamente, la mayor parte de los herederos impugnaron el referido informe particional aduciendo en su apoyo los siguientes fundamentos: (1) la inclusión indebida como bienes gananciales del segundo matrimonio del causante ciertos bienes pertenecientes a la primera sociedad matrimonial, (2) la exclusión indebida de ciertas partidas de dinero pertenecientes a la primera sociedad de gananciales y utilizados para la adquisición de bienes que aparecen como de la segunda sociedad; (3) la exclusión indebida de una "gruesa suma de dinero" per-

---

[1] El Lcdo. Zapater Cajigas, además de ser contador-partidor, es abogado del albacea testamentario, sirviendo además de Notario Público ante quien dicho Albacea juramenta sus informes periódicos al tribunal, y fue el Notario ante quien el causante otorgó su testamento. Nos llama la atención la dualidad señalada en las funciones del referido Notario y aprovechamos para expresar que no es la práctica más recomendable para el contador-partidor servir a su vez como abogado del albacea ya que tales funciones podrían ser conflictivas. Habiendo sido nombrado el Lcdo. Zapater contador-partidor por el causante no debe colocarse en la situación delicada de representar al albacea en su carácter de abogado. Nótese que en el caso de autos el albacea se enfrenta a la mayoría de los herederos negándose a contestar interrogatorios relativos al informe que preparó su propio abogado en sus funciones como contador-partidor, cuyo informe es impugnado por dichos herederos. Lo expresado acoge el ideal ético que rechaza el conflicto de intereses en el más leve grado.

teneciente a la primera sociedad y que fuera utilizada para erogaciones relacionadas en la moción sobre impugnación, y (4) la tasación baja e irreal de una finca urbana que constituye un legado del causante a una de sus hijas.

En ánimo de obtener información con respecto a las varias partidas objeto de impugnación los peticionarios cursaron el interrogatorio aludido al albacea testamentario a través de su abogado (y contador-partidor) Lcdo. Zapater Cajigas, y simultáneamente solicitaron el nombramiento de un comisionado especial. El tribunal de instancia declaró sin lugar tanto los interrogatorios como la solicitud de nombramiento de comisionado especial arguyendo que las Reglas de Procedimiento Civil invocadas no son aplicables al procedimiento legal especial de división y partición de herencia. Los herederos peticionarios recurren de ambas determinaciones por considerarlas errores como cuestión de derecho.

El recurso ante nos plantea pues las dos cuestiones siguientes:

1. ¿Pueden aplicarse al procedimiento especial de división y partición de herencia las normas procesales sobre interrogatorios que establece la Regla 30 de las de Procedimiento Civil de 1958, a pesar de lo dispuesto por la Regla 61 del mismo cuerpo? (²)

---

(²) La Regla 61, transcrita literalmente, lee como sigue:

"Todos los procedimientos legales especiales y cualesquiera otros procedimientos de naturaleza especial no incluidos en las Reglas 55, 56, 57, 58, 59 y 60 se tramitarán en la forma prescrita en el estatuto correspondiente. Cuando el estatuto pertinente haga aplicables las antiguas reglas de enjuiciamiento civil, el remedio solicitado podrá obtenerse de acuerdo con el procedimiento fijado por estas reglas. Estas reglas se considerarán también como derecho procesal supletorio para todos los recursos extraordinarios." 32 L.P.R.A. Ap. II, R. 61.

Las Reglas 55 a 60 se refieren a los siguientes procedimientos respectivamente:

R. 55—Remedios extraordinarios en general.

R. 56—Remedios provisionales para asegurar la efectividad de una sentencia.

R. 57—Órdenes de entredicho e interdictos.

2. ¿Procede dentro del procedimiento de división y partición de herencia el nombramiento de un comisionado especial bajo la Regla 41 de las de Procedimiento Civil para que dicho comisionado estudie las operaciones particionales sometidas por un contador-partidor en cumplimiento de la encomienda héchale por el testador al amparo del Art. 1010 del Código Civil y la reglamentación de sus funciones bajo las disposiciones aplicables del Código de Enjuiciamiento Civil?

Examinemos el error señalado concerniente a la procedencia de los interrogatorios en un procedimiento como el que dio lugar al presente recurso.

El procedimiento especial de división y partición de herencia está regulado por los Arts. 600 al 605 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 2621 *et seq.* Dicho procedimiento es uno de jurisdicción voluntaria[3] cuyo trámite se inicia mediante la presentación de una solicitud *"ex parte"*, y que por su naturaleza no se considera contencioso. Véanse *Ruiz* v. *Ruiz*, 74 D.P.R. 347, 351 (1953); *Lassús et al.* v. *Ducret, et al.*, 26 D.P.R. 390, 392 (1918); *Trinidad et al.* v. *Suc. Trinidad et al.*, 19 D.P.R. 647, 652–55 (1913). No se limita, sin embargo, la comparecencia ante el tribunal a una sola parte. Por el contrario, con frecuencia sucede que dentro de un procedimiento de jurisdicción voluntaria comparecen al tribunal varias partes en defensa de intereses completamente opuestos. Cuando así ocurre, como en el caso de autos, se establece una genuina controversia a

R. 58—Expropiación forzosa.
R. 59—Sentencias declaratorias.
R. 60—Reclamaciones de cien dólares o menos.

(3) Desde principios de siglo hemos considerado actos de jurisdicción voluntaria todos aquellos en que fuera necesaria o se solicitare la intervención del juez sin estar empeñada ni promoverse cuestión alguna entre partes conocidas y determinadas. *Rivera* v. *Corte*, 68 D.P.R. 673, 675–76 (1948); *Ex Parte Nadal*, 5 D.P.R. 110 (1904). Tales procedimientos incluían tradicionalmente a los juicios de testamentaría y abintestato, división y partición de herencia, nombramiento de tutores y defensores, adopción, autorizaciones sobre derechos y bienes de menores, administración de bienes de ausentes, alimentos provisionales, etc.

ser adjudicada por un tribunal de instancia mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso o plenario. Véanse *Mercado* v. *Mercado*, 66 D.P.R. 38, 62 (1946); *Rivera* v. *Corte*, 68 D.P.R. 673, 676 (1948).

La Regla 1 de las de Procedimiento Civil impone la obligación de interpretar y aplicar nuestro ordenamiento procesal de suerte que se garantice una solución justa, rápida y económica de todo procedimiento de naturaleza civil que se tramite ante nuestro Tribunal General de Justicia. 32 L.P.R.A. Ap. II, R. 1; véanse *Pérez Cruz* v. *Fernández*, 101 D.P.R. 365, 373 (1973); *Parrilla García* v. *Fuentes Fluviales*, 92 D.P.R. 168, 176 (1965). Pueden verse además: *Ramos* v. *Trans Oceanic Ins. Co.*, 103 D.P.R. 298 (1975); Moore, *Federal Practice*, vol. 2, parte 1, sec. 1.13[1], pág. 281 *et seq.* Más aún, la adjudicación de controversias debe hacerse libre de formalismos y sutilezas puramente legalistas. *Lugo Ortiz* v. *Ferrer*, 85 D.P.R. 862 (1962); *Sucn. Guerra* v. *Sánchez*, 71 D.P.R. 807 (1950). Ello no obstante, no debe perderse de vista el principio cardinal de que las reglas no pueden derogar, ampliar o modificar los derechos sustantivos de los litigantes. *Rivera* v. *Cotto*, 68 D.P.R. 655 (1948).

■ Podría argüirse que los principios mencionados precedentemente son aplicables a las acciones civiles ordinarias pero no a las de carácter especial, ya que la propia Regla 61 de las de Procedimiento que hemos transcrito parece excluir la aplicación de las Reglas a los procedimientos legales especiales y limitar su aplicación a los remedios extraordinarios en tanto en cuanto aquéllas no conflijan con las normas procesales establecidas para éstos. Se ha dicho que "para que las leyes no sean letra muerta, precisan otras leyes que tengan por objeto asegurar la ejecución de las primeras. Estas son las leyes procesales." "Y por lo mismo, de ellas depende, en realidad, todo el éxito del sistema jurídico." *Enciclopedia Jurídica Española*, Derecho Procesal, tomo 11, pág. 288,

Seix, 1910. Por ello, en casos como el de autos, al adquirir carácter contencioso un trámite que en su principio tuvo carácter de juicio de jurisdicción voluntaria, pasa dicha acción al ámbito de los procedimientos de naturaleza civil a los que se deben aplicar las Reglas de Procedimiento Civil de 1958, siempre que al así hacerlo no se contravengan ni la letra ni el espíritu de las normas procesales estatuidas en el Código de Enjuiciamiento Civil para el procedimiento legal especial de que se trate, en este caso una división y partición de herencia. Esto no solamente se ajusta a la Regla 1, que exige una interpretación que garantice una solución justa, rápida y económica de todo procedimiento, sino que además encaja dentro del espíritu de la Regla 71 que permite al tribunal, cuando no se hubiere previsto un procedimiento específico, el reglamentar el procedimiento en cualquier forma que no sea inconsistente con cualquier disposición de ley aplicable.

La naturaleza de la impugnación presentada por los peticionarios al informe del contador–partidor requiere que las partes acudan a la vista que habrá de celebrarse con conocimiento pleno de los hechos envueltos. Estos no pueden dilucidarse adecuadamente sin la oportunidad que ofrece el mecanismo de descubrimiento de pruebas provisto por la Regla 30, el cual no es incompatible con un procedimiento especial de albaceazgo y división y partición de herencia como el que motiva este recurso, que en este caso fue iniciado en el año 1967. Mal puede oponerse a contestar los interrogatorios sometídosle un albacea que requirió para la tramitación del albaceazgo los dos años que le concedió el testador, más dos años de prórroga y lo que ha transcurrido desde entonces y especialmente cuando el contador-partidor, quien es a su vez el abogado del albacea, se tomó casi cinco años para rendir el informe particional. Los peticionarios por su parte también incurrieron en demora, según surge de las innumerables posposiciones y prórrogas por ellos solicitadas y obtenidas.

En evitación de demoras indebidas, de las que ha sufrido el sistema judicial por muchos años, la Legislatura de Puerto Rico ha restringido el término en que se pueden utilizar los mecanismos de descubrimiento de prueba de suerte que éstos sólo puedan ser iniciados y utilizados por las partes dentro del término de sesenta (60) días computados desde la fecha de notificación de alegación responsiva a la demanda, a una reconvención, reclamación contra tercero o demanda contra coparte; pero concediéndole al tribunal discreción para prorrogar dicho término por motivos justificados no atribuíbles al descuido o indiferencia de la parte solicitante de la prórroga o a su abogado. 32 L.P.R.A. Ap. II, R. 34.6. En este caso en particular el interrogatorio fue sometido con antelación a la fecha de vigencia de la referida ley; no obstante, para evitar retrasos adicionales, el tribunal de instancia limitará el descubrimiento de prueba a sesenta días, contados a partir de la fecha del envío del mandato al albacea para que éste conteste el interrogatorio.

■ Debemos consignar que el único fundamento aducido por el albacea ante el tribunal de instancia en oposición al interrogatorio notificádole fue la no aplicación de las Reglas de Procedimiento Civil al procedimiento legal especial de división y partición de herencia. No hubo súplica alguna en la alternativa rogando se le relevara de contestar el mismo por ser la información solicitada de carácter privilegiado o impertinente, ni invocó dicho albacea la protección contra molestias, gastos innecesarios o situaciones embarazosas u opresivas. Reglas 23.2 y 30 de las de Procedimiento Civil; *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959); *Concreto Mixto, Inc.* v. *Tribunal Superior*, 90 D.P.R. 567 (1964). No habiéndose demostrado que los interrogatorios serían improcedentes a la luz de las reglas mencionadas, y habida cuenta de que en la vista a celebrarse se discutirá un informe particional extenso y complicado, el tribunal ordenará al albacea que conteste el interrogatorio sometídole a tenor con lo dispuesto

en la Regla 30 de las de Procedimiento Civil. Puede verse *Hartman* v. *Tribunal Superior*, 98 D.P.R. 124, 137 (1969).

■ En cuanto al segundo error imputado, el mismo no se cometió. La Regla 41 de Procedimiento Civil que provee para el nombramiento de un comisionado especial es a todas luces incompatible con e inaplicable al procedimiento sobre partición y división de herencia regulado por las ya mencionadas disposiciones del Código de Enjuiciamiento Civil. Dicho articulado provee precisamente para el nombramiento de un contador-partidor a quien inclusive se le denomina "comisionado" en los Arts. 602 y 603, 32 L.P.R.A. secs. 2623 y 2624, y cuyas atribuciones, prerrogativas y responsabilidades son casi idénticas a las que confiere la Regla 41 al comisionado especial. Es deber del que ocupe cualquiera de los dos cargos mencionados efectuar una investigación sobre los bienes envueltos y las cargas o deudas que pesen sobre ellos y a esos fines están autorizados a celebrar las vistas que fueren menester para examinar y recibir prueba documental, testimonios orales, etc. Pesa sobre ambos idéntica responsabilidad de someter un informe al tribunal, cuyos informes son susceptibles de impugnación por las partes interesadas, pudiendo el tribunal celebrar vista para escuchar prueba al respecto, luego de la cual puede aprobar el informe con o sin enmiendas, devolverlo para que se enmiende, o rechazarlo de plano. Art. 603 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2624, y Regla 41.5 de las de Procedimiento Civil, 1958, 32 L.P.R.A. Ap. II, R. 41.5.

En vista de esta marcada similaridad, ¿qué propósito útil puede tener el que se nombre un comisionado especial en un procedimiento sobre división y partición de herencia cuando éste únicamente serviría para repetir la labor del contador-partidor? Tal imbricación de funciones sólo duplicaría el procedimiento, haciéndolo innecesariamente complicado, largo y oneroso a las partes, todo ello en contravención a lo dispuesto por las Reglas 1 y 61 de las de Procedimiento Civil. Puede

verse *Farber Electric* v. *Professional Realty Corp.*, 85 D.P.R. 459, 466–67 (1962).

*Se dictará sentencia modificando la resolución del tribunal de instancia a los efectos de ordenar al albacea que a tenor con lo dispuesto en la Regla 30 de las de Procedimiento Civil de 1958 conteste el interrogatorio sometídole en 14 de noviembre de 1973 en el caso civil CS-67-1611, Joaquín Batiz Oliveras, ex parte, y así modificada se confirmará la misma.*

Los Jueces Asociados Señores Díaz Cruz e Irizarry Yunqué no intervinieron.