ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **IRIS IBETTE CRUZ VÁZQUEZ**<br><br>Peticionaria<br><br>v.<br><br>**Ex Parte** | KLCE202400453 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala de **Bayamón**<br><br>Civil Núm.: **BY2024CV01360**<br><br>Sobre: Petición de Declaratoria de Herederos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

El 19 de abril de 2024, la señora Iris Ibette Cruz Vázquez (Sra. Cruz o peticionaria) presentó una *Petición de Certiorari* con relación a una *Resolución*[1] emitida el 13 de marzo de 2024 por el Tribunal de Primera Instancia, Sala de Vega Baja (TPI). En esta, el TPI denegó expedir un emplazamiento por edicto en un caso de declaratoria de herederos. Luego de solicitar infructuosamente una *Reconsideración*, la Sra. Cruz presentó el *Certiorari* ante nuestra consideración.

Examinada la *Petición* y los documentos que obran en el expediente y el derecho aplicable, expedimos el recurso y revocamos la *Resolución* del TPI.

### I.

El 31 de marzo de 2020, falleció intestada la señora Andrea Vázquez (Sra. Vázquez) en el estado de Nueva York. La Sra. Vázquez

---

[1]Apéndice de *Petición de Certiorari*, Anejo III, pág. 17. Notificada y archivada en autos el 13 de marzo de 2024.

dejó bienes en el municipio de Vega Baja, Puerto Rico, incluyendo un bien inmueble. El 24 de enero de 2023, el TPI emitió una *Resolución*[2] señalando como únicos y universales herederos a Ricardo Cruz Vázquez, Iris Ibette Cruz (la peticionaria), Juan Thomas Cruz, Juan Manuel Cruz, Evelyn Cruz, Margarita Cruz Vázquez (representada por sus hijos), Luis Francisco Cruz Jr. (fallecido sin dejar descendencia) y Carmen Rodríguez.

El 12 de noviembre de 2022, y aun activa la comunidad de herederos de la Sra. Vázquez, falleció la señora Carmen Rodríguez.[3] En consecuencia, los herederos forzosos de la Sra. Rodríguez la representan en la comunidad hereditaria de la Sra. Vázquez. La Sra. Cruz es miembro de la comunidad hereditaria de la Sra. Vázquez y tiene interés propietario sobre un bien inmueble que forma parte de la comunidad. Por lo tanto, con miras para agilizar el procedimiento relacionado con la comunidad hereditaria de la Sra. Vázquez, la Sra. Cruz presentó una solicitud de declaratoria de herederos para la sucesión de la Sra. Rodríguez.

Entre los documentos que la Sra. Cruz presentó están: una certificación negativa de testamento en el Registro de Testamentos,[4] una certificación negativa sobre asuntos no contenciosos ante notarios expedida por el Tribunal Supremo de Puerto Rico,[5] una certificación negativa de pensión alimentaria del Departamento de la Familia,[6] el certificado de defunción de la señora Carmen Rodríguez, expedido por el Departamento de Salud del estado de Nueva York,[7] y los certificados de nacimiento de dos de los hijos de la Sra. Rodríguez.[8]

---

[2] *Íd.*, Anejo I, págs. 8-9.
[3] *Íd.*, pág. 7.
[4] *Íd.*, pág. 13
[5] *Íd.*, pág. 14.
[6] *Íd.*, pág. 12.
[7] *Íd.*, pág. 7.
[8] *Íd.*, págs. 10-11.

El 12 de marzo de 2024, la Sra. Cruz le solicitó al TPI que expidiera un "emplazamiento por edicto". En esta *Moción*,[9] alegó que ha realizado esfuerzos para lograr comunicación con los herederos forzosos de la Sra. Rodríguez cuyos certificados de nacimiento no ha podido conseguir. Sin embargo, estos esfuerzos han sido infructuosos. Señaló la Sra. Cruz que conoce que estos herederos residen en los Estados Unidos de América. El 13 de marzo de 2024, el TPI denegó la expedición de un emplazamiento por edicto, comentando que la "solicitud de emplazamiento por edicto no es compatible con una solicitud [*ex parte*]. Tiene la parte que presentar un pleito ordinario. No ha lugar".[10]

Posteriormente, el 18 de marzo de 2024, la Sra. Cruz le solicitó la reconsideración de su determinación, pero el TPI se sostuvo en su denegatoria. Inconforme, el 19 de abril de 2024, la Sra. Cruz presentó la *Petición de Certiorari* ante nuestra consideración. Señaló como único error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE NO PROCEDE UNA SOLICITUD DE AUTORIZACIÓN DE EMPLAZAMIENTO POR EDICTO EN UN PROCESO DE JURISDICCIÓN VOLUNTARIA O [*EX PARTE*] SOBRE DECLARATORIA DE HEREDEROS, INDICANDO QUE, "UNA SOLICITUD DE EMPLAZAMIENTO POR EDICTO NO ES COMPATIBLE CON UNA SOLICITUD [*EX PARTE*]. TIENE LA PARTE QUE PRESENTAR UN PLEITO ORDINARIO", CONTRARIO A LO ESTABLECIDO EXPRESAMENTE EN EL ARTÍCULO 552 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL, SECCIÓN 2301.**

## II.

### A.

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176

---

[9] *Íd.*, Anejo II, págs. 15-16.
[10] *Íd.*, Anejo III, pág. 17.

DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

Los casos *ex parte* son procedimientos de jurisdicción voluntaria. Estos son, por su naturaleza, todos aquellos "en que sea necesaria, o se solicite, la intervención del juez, sin estar empeñada ni promoverse cuestión alguna entre partes conocidas y determinadas". *Rivera v. Corte*, 68 DPR 673, 676 (1948). Este procedimiento suele emplearse para peticiones comunes, como la declaratoria de herederos, la expedición de cartas testamentarias, la adveración de testamentos ológrafos, la disposición de bienes de menores, el cambio de nombre, el divorcio por mutuo consentimiento, el nombramiento de tutores y defensores, la adopción y otras similares establecidas en las respectivas leyes particulares y habilitadoras. *RPR & BJJ, Ex Parte*, 207 DPR 389, 405 (2021). "En esos casos no se promueve acción alguna entre partes conocidas y determinadas. Los peticionarios son los únicos interesados en el remedio que se solicita". *Rivera v. Corte, supra*, pág. 676.

Ahora bien, que un procedimiento comience como uno de jurisdicción voluntaria no impide que se convirtiere en uno contencioso cuando "compareciere una parte oponiéndose o pretendiendo un interés adverso al de los peticionarios". *Íd.* "De surgir una controversia genuina, el foro primario debe adjudicarla mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso". *RPR & BJJ, Ex Parte, supra*, pág. 405. (Cita omitida).

Sobre esto, nuestro Tribunal Supremo ha determinado que los procedimientos no contenciosos (de jurisdicción voluntaria) no se han de limitar necesariamente a la comparecencia de una sola parte.

> [C]on frecuencia sucede que dentro de un procedimiento de jurisdicción voluntaria comparecen al tribunal varias partes en defensa de intereses completamente opuestos. Cuando así ocurre [...] se establece una genuina controversia a ser adjudicada por un tribunal de instancia mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso o plenario.

*Batiz v. Tribunal Superior*, 104 DPR 41, 45 (1975).

Por lo tanto, de existir una controversia verdadera que surja a raíz de un procedimiento de jurisdicción voluntaria, el curso correcto es "convertir el proceso en uno contencioso y seguir el trámite ordinario". *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 858 (2012).

## C.

El Artículo 552 del Código de Enjuiciamiento Civil dispone que:

> En casos de sucesión intestada o de nulidad de un testamento, los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos.

32 LPRA sec. 2301.

Este establece un procedimiento mediante el cual una persona interesada en una herencia puede solicitarle al tribunal que dicte una declaratoria de herederos. La declaratoria de herederos es el proceso judicial mediante el cual se identifican los herederos forzosos de una persona que haya fallecido sin testamento. Cabe destacar que una declaratoria no constituye una determinación final, firme y cerrada. Por el contrario, el Art. 552 del Código de Enjuiciamiento Civil dispone que la declaratoria de herederos "se dictara sin perjuicio a terceros" que no intervinieron en el proceso, sean o no herederos, si sus derechos pudieran verse afectados por la resolución. "Después de dictada la resolución firme, cualquier aspirante que no haya sido notificado del procedimiento, y que no

haya comparecido en el mismo y tenga un derecho bien fundado a la herencia, podrá formular y hacer valer su derecho contra los que hayan sido declarados judicialmente herederos". *Íd.*, Art. 553. Por lo tanto, una persona con un interés o derecho oponible podrá levantarlo, aunque no haya sido incluido en la declaratoria de herederos.

Para que una solicitud de declaratoria de herederos sea válida, el peticionario debe declarar bajo juramento: (1) el fallecimiento de la persona de cuya sucesión se trate; (2) que, según su leal saber y entender, el causante falleció sin dejar testamento, o que se han hecho las investigaciones y registros correspondientes sin encontrarlo o, si hubiere dejado testamento, que éste ha sido declarado nulo; y, (3) los nombres y domicilios de las personas con derecho a la herencia o sucesión. *Íd.*, Art. 552. Por lo general, esto se cumple con la presentación de una certificación negativa de testamento en el Registro de Poderes, una certificación negativa sobre asuntos no contenciosos ante notarios, un certificado de defunción que emite el Registro Demográfico, **certificado de nacimiento de todas las personas herederas forzosas emitidas por el Registro Demográfico** y, si la persona que falleció estaba casada, el certificado de matrimonio emitido por el Registro Demográfico, si era viuda, el Certificado de Defunción de su cónyuge, o, si estaba divorciada, la Sentencia de Divorcio. En ocasiones, y a discreción del tribunal, éste puede solicitar prueba adicional o celebrar una vista para comprobar la documentación presentada. *Íd.*

El Artículo 552 del Código de Enjuiciamiento Civil también contempla la posibilidad de que, ante el conocimiento de otros herederos no identificados o localizados, el tribunal pueda emitir una notificación por edicto llamando a aquellos herederos a comparecer. El Art. 552 dispone que:

Solicitada la declaración de herederos a favor de un pariente colateral dentro del sexto grado, si el juez tuviere motivos para creer que podrán existir otros parientes de igual o mejor grado, y el valor de los bienes excede de cinco mil dólares ($5,000), **podrá el juez a su discreción mandar a publicar edictos anunciando el fallecimiento del finado y los nombres y grados del parentesco de los que reclaman la herencia y llamando a los que se crean con igual grado o mejor derecho para que comparezcan a reclamar dentro de un plazo determinado**. Los edictos se publicarán por un tiempo que fijará el juez en su orden, insertándolos en un periódico de circulación general en el Estado Libre Asociado. Transcurrido el término designado en los edictos, a contar desde la fecha de su última publicación, apreciadas las pruebas, dictará el juez auto, según lo previsto por la ley para el caso, haciendo declaración de las personas con derecho a la herencia. Las que comparezcan a consecuencia de dichos llamamientos deberán expresar por escrito y bajo juramento el grado de parentesco en que se hallen con el causante de la herencia, si no tuviesen a su disposición documentos que los justifiquen.

(Énfasis nuestro).

Por lo tanto, si un juez entiende que existen otros herederos forzosos que no hayan sido localizados o que no hayan comparecido, éste podrá notificarlos mediante edicto. Este mecanismo evita que un procedimiento, esencial pero no perjudicial, quede paralizado por meros tecnicismos de la ley. Conste que la notificación por edicto es un remedio extraordinario, por lo que la norma debe ser el cumplimiento con la presentación de los documentos antes señalados.

**III.**

Una declaratoria de herederos, por su naturaleza, no debe ser un procedimiento contencioso ni limitado por mero tecnicismo de la ley. Por lo tanto, estimamos que el TPI erró al negarse a ordenar la expedición de una notificación por edicto para notificar a los herederos forzosos de la Sra. Rodríguez de su fallecimiento y derecho a comparecer a los procedimientos relacionados con su sucesión.

En primer lugar, entendemos que la Sra. Cruz cometió un error en la selección de la frase "emplazamiento por edicto". Sabido es que el emplazamiento es el mecanismo procesal mediante cual

un tribunal adquiere jurisdicción sobre una persona en un procedimiento contencioso. Sin embargo, en un procedimiento de jurisdicción voluntaria, nuestro ordenamiento jurídico intenta limitar las oportunidades de litigación innecesaria o paralizaciones indebidas de procesos ágiles y eficientes. Por lo tanto, el mecanismo del emplazamiento no es el apropiado para notificar a partes del procedimiento activo en los tribunales.

La declaratoria de herederos es un procedimiento ágil y eficiente, pero esencial para división de la comunidad hereditaria de un causante intestado. Por lo tanto, el Código de Enjuiciamiento Civil y otros estatutos pertinentes lo categorizan como un procedimiento no contencioso y de jurisdicción voluntaria. Aunque este puede tener efectos sobre los intereses y derechos de personas, el mismo Artículo 553 del Código de Enjuiciamiento Civil protege a aquellas personas no incluidas en el mismo. Dispone que este no perjudicará a terceros, por lo que ellos podrán comparecer posteriormente sin perjuicio a sus derechos o intereses.

Nuestro Tribunal Supremo también ha reconocido que:

[C]on frecuencia sucede que dentro de un procedimiento de jurisdicción voluntaria comparecen al tribunal varias partes en defensa de intereses completamente opuestos. Cuando así ocurre [...] se establece una genuina controversia a ser adjudicada por un tribunal de instancia mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso o plenario.

*Batiz v. Tribunal Superior, supra*, pág. 45.

En consecuencia, el mero hecho de que una declaratoria de herederos sea un procedimiento de jurisdicción voluntaria no quiere decir que está impedido de convertirse en uno de jurisdicción contenciosa posteriormente. Tampoco quiere decir que luego de convertirse en un procedimiento de jurisdicción contenciosa, es necesario radicar un pleito ordinario para ventilar la controversia.

Los jueces deben atender los asuntos en controversia en el mismo pleito.

En el caso de la Sra. Cruz, ella le solicitó al TPI publicar una notificación por edicto, llamando a los herederos conocidos, pero no localizados de la Sra. Rodríguez a comparecer a procedimientos sobre cuales tienen intereses propietarios. Entendemos que el asunto procesal aquí envuelto es uno de fácil disposición. Con la notificación por edicto a los herederos que se encuentran fuera de nuestra jurisdicción es suficiente para quedar notificados de la acción instada en el Tribunal. Adviértase que de otra forma sería imposible decretar la sucesión intestada de la finada.

**IV.**

Por las razones esbozadas, se expide el auto de *Certiorari* y se revoca la determinación del TPI. Se devuelve el caso para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones