WINGATE H. PAINE y NELSON GAMMANS, ETC., demandantes y recurridos, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* 12673      *Resuelto:* 27 de junio de 1962

818

*Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar, Luis F. Candal, Procurador Auxiliar,* abogados del recurrente; *Beverley, Castro & Rodríguez Lebrón* y *Carmen B. Hernández,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Edward Bragg Paine falleció en el Estado de Nueva York, dejando entre los bienes de su herencia, ciertas acciones de la Corona Brewing Corporation, una corporación establecida en Puerto Rico. La Corona Brewing Corporation, actuando como agente del Secretario de Hacienda, retuvo de todos los dividendos de las acciones, el 29% de su producto y lo aplicó al pago de la contribución sobre ingreso, al tipo de contribución que le correspondería pagar a un con-

tribuyente que residiera fuera de Puerto Rico, de acuerdo con la ley entonces vigente. Los albaceas de la Sucesión Paine, aquí demandantes recurridos, solicitaron el reintegro de aquella parte de la contribución que fuera mayor a la que pagaría por el mismo concepto contributivo un residente. [1-2] El fundamento de la solicitud encuentra apoyo en nuestra decisión en el caso de *Postley* v. *Srio. de Hacienda,* 75 D.P.R. 874 (Snyder) (1954), cita precisa a las págs. 897 *in fine*-899, en el cual resolvimos que la cláusula de privilegios e inmunidades rige en Puerto Rico en la misma forma que rige en los estados de la Unión, en virtud del convenio entre Puerto Rico y los Estados Unidos y que la sección 12 de la Ley número 74 de 6 de agosto de 1925, en tanto en cuanto, dispone una contribución normal del 29 por ciento a los no residentes que son ciudadanos de un estado de la Unión y una contribución normal del 7 por ciento a los residentes, infringía el art. 2 de la Carta Orgánica del 1917, según enmendado en el 1947 por el Congreso de los Estados Unidos, cuya enmienda estableció, que los derechos, privilegios e inmunidades de los ciudadanos de los Estados Unidos se respetarían en Puerto Rico en la misma forma como si Puerto Rico fuera un Estado de la Unión y sujeto a las disposiciones del inciso 1 de la sec. 2 del art. IV de la Constitución de los Estados Unidos. ▪

En este caso, sin embargo, el Secretario de Hacienda, arguye, que la cláusula de privilegios e inmunidades se aplica solamente a individuos y no a una sucesión, por ser esta última una criatura artificial a los fines de la Ley de Contribuciones sobre Ingresos. Para determinar lo que constituye una persona jurídica y no natural, tenemos que regirnos por nuestra Ley local, pues la cláusula de privilegios e inmunidades no extiende al estado donde radiquen los bienes de los no residentes, la legislación del estado donde resida el contribuyente. Basada en el principio de la común ciudadanía dentro de la Unión, la cláusula de privilegios e inmunidades

lo que hace es equiparar los derechos de los no residentes a los derechos que poseen los residentes de determinado estado. Solamente puede discriminarse contra los derechos de los primeros en ciertas excepciones especiales, ninguna de las cuales, está comprendida en esta cuestión. ▮

Siendo esto así, lo que procede estudiar ahora es, si en Puerto Rico, podemos considerar a una "Sucesión" como una persona jurídica, independiente de los herederos que la componen. El art. 603 del Código Civil de Puerto Rico (1930) dispone que los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte. Esto nos ha obligado a declarar, que en derecho civil, la sucesión como persona jurídica no existe: *Danz* v. *Suau*, 82 D.P.R. 609 (Belaval) (1961), cita precisa a la pág. 614. Nada se encontrará en nuestro ordenamiento jurídico que nos permita considerar al albaceazgo como una entidad jurídica distinta a los herederos que representan. El albaceazgo no es otra cosa que una administración acompañada de un derecho de representación para cumplir ciertas funciones específicas relacionadas con la conservación del caudal hereditario hasta el momento en que la herencia sea adida por los herederos, y como tal, tampoco podemos considerar a los albaceas como que forman una persona jurídica distinta a los herederos: Véase *Fuentes* v. *Srio. de Hacienda*, 85 D.P.R. 492 (Santana Becerra) (1962). ▮

Siendo el propósito de la cláusula de privilegio e inmunidades equiparar el derecho de los ciudadanos no residentes al derecho de los ciudadanos residentes en el estado donde se origina el hecho contributivo, resulta claro que debemos considerar a los albaceas de Edward Bragg Paine, como meros representantes de los herederos instituidos y considerarlos como personas naturales, con igual categoría a la de un ciudadano residente en cuanto al tipo contributivo que deben satisfacer por los ingresos que produzcan los bienes radicados en Puerto Rico.

*Se confirmará la sentencia apelada.*