Salas Soler, Juez Ponente
*999 TEXTO COMPLETO DE LA RESOLUCION
Se recurre de una resolución dictada por el Tribunal de Primera Instancia de Arecibo, Hon. Juez Emilia M. Román Nevárez, el 30 de junio y notificada el 11 de julio de 1995. El Escrito de Certiorari, que ahora examinamos, fue presentado el 10 de agosto de 1995. La resolución declaró sin lugar unas mociones de desestimación levantadas por los demandantes-peticionarios Villa Esperanza Apartments, Raúl Martín Asociados y Turner Construction, Corp. (Esperanza y Turner) fundamentadas en que la Sucesión de Ramón Moya González (Moya) no tiene legitimación activa para demandar y que además, no están presentes todas las partes indispensables (sucesores de Moya). La resolución concedió a la parte demandante-recurrida un término de veinte (20) días para enmendar la demanda, a los fines de incluir a los miembros no incluidos de la sucesión.
El 19 de marzo de 1993 se presentó por (Moya) en el antiguo Tribunal Superior, Sala de Arecibo petición de injunction y acción de daños por la construcción de obras realizadas por (Esperanza y Turner) en una propiedad aledaña a la suya, que alegadamente ha alterado el curso normal de aguas pluviales provocando que las mismas descarguen en sus terrenos damnificando los mismos. En la acción instada se incluyó a la viuda de Moya, señora Tomasa Morán y los hijos de ambos, Ramona, Carmen Sofía, Juan Ramón, Elsie y Ana Lydia, todos de apellidos González Moya. Los peticionarios alegan que la sucesión consta de cinco hijos adicionales que no fueron incluidos como parte de la demanda. Véase página 32, Apéndice. Moya argumentó en Moción en Oposición a Solicitudes de Desestimación de fecha 23 de junio de 1995 ante el Tribunal de Instancia, que la aludida propiedad (Alegación 1, Petición de Injuction, pág. 4, Apéndice) fue segregada en cinco (5) lotes que tienen sus respectivos dueños adviniendo como titulares de los mismos mediante compraventa (página 24, Apéndice). Los cinco (5) dueños fueron incluidos como demandantes detallados como tales, por nombre y apellido en el epígrafe de la demanda.
Todas las partes están contestes que las sucesiones no tienen personalidad jurídica y por lo tanto, no tienen capacidad para demandar por lo que hay que incluir los nombres de los sucesores en toda acción legal que se radique. Obsérvese que de acuerdo al texto de la demanda, titulada Petición, en el epígrafe la parte demandante es identificada como "Sucn. de Ramón Moya González compuesta por... (se mencionan varios nombres)”. En el primer párrafo del escrito se identifica a los demandantes como: "...mayores de edad y miembros de la Sucesión Moya González y como tales, dueños de una parcela de terreno...". Véase página 4 del Apéndice. A los efectos de que las sucesiones carecen de legitimación para accionar, véase Paine v. Secretario de Hacienda, 85 D.P.R. 817, 820 (1962) entre otros, como bien cita a la página 5 el recurrente en su articulado Escrito de Certiorari.
Por tratarse el presente recurso de un aspecto de puro aspecto procesal procedemos a resolver sin necesidad de ulteriores alegatos. La Regla 15 de Procedimiento Civil establece la norma de que todo pleito deberá ser tramitado a nombre de la persona que por ley tenga el derecho que se reclama. La Regla 15.1, supra, permite se enmiende en un término razonable la demanda en aquellos casos que no se radicara correctamente. Para poder demandar se necesita tener legitimación en causa la cual requiere de: (1) capacidad para demandar o ser demandado: y, (2) un interés legítimo en el asunto que se litiga (standing). Hernández v. Hernández, 130 D.P.R. _ (1992), 92 J.T.S. 16. Por los fundamentos enunciados, la Petición de los recurridos (Moya) requiere ser enmendada, y así éste lo reconoce. Véase Moción en Oposición A Solicitudes de Desestimación, página 25, Apéndice. Sobre la interrupción de la prescripción está resuelto que la presentación de la demanda por uno sólo de los herederos con respecto a componentes de bienes de una sucesión, interrumpe la misma. Tropigas de P.R. v. Tribunal Superior, 102 D.P.R. 630 (1974) interpretando el Artículo 1874, Código Civil, 31 L.P.R.A. 5304.
*1000 Por lo expresado, concluimos que el Tribunal de Instancia actuó correctamente al permitir que se enmiende la Petición para incluir los cinco (5) hijos restantes. En el presente caso se trata de acumulación de partes que podría clasificarse como indispensable sin cuya presencia no podría adjudicarse la controversia. Regla 16.1 de Procedimiento Civil; Unisys v. Ramayo, 129 D.P.R._(1991), 91 J.T.S. 69; Torres v. Aponte, 136 D.P.R._, 94 J.T.S. 12. El Tribunal de Instancia no excedió su discreción al permitir se enmendara la demanda ya que el principio que impera es que se permitirá enmendar las alegaciones aún en etapas avanzadas del pleito. Regla 13.3 de Procedimiento Civil, Pérez v. Hospital, 115 D.P.R. 721 (1984). Contrario a lo que la peticionaria (Esperanza y Turner) alegan, en este caso no fue meramente la sucesión la que demandó, cinco de los miembros de la misma fueron identificados y particularizados al ofrecerse sus nombres completos y establecerlos como partes demandantes en la primera alegación de la Petición. Ello les otorgó legitimación activa.
Por los fundamentos expuestos, se deniega la expedición del auto solicitado y se confirma la resolución del Tribunal de Primera Instancia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General