Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| IRIS JOSEFINA TOUS FERNÓS<br><br>Apelante<br><br>EX PARTE<br><br>CAUSANTE: SUCESIÓN MANUEL FERNÓS LÓPEZ<br><br>DANIEL MUÑOZ FERNÓS, LUIS MUÑOZ FERNÓS, RODRIGO FERNÓS RIDDICK ET ALS.<br><br>Partes con interés | KLAN202400719 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2023CV02769<br><br>Sobre:<br><br>Petición de Administración Judicial, Liquidación y Partición 32 LPRA §§2361 y siguientes |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2024.

### I.

El 29 de julio de 2024, la señora Iris Josefina Tous Fernós (señora Tous Fernós o apelante) presentó una *Apelación* en la que solicitó que revoquemos una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 1 de abril de 2024, notificada y archivada digitalmente en autos al día siguiente.[1] Mediante el dictamen, el TPI desestimó y archivó una *Petición* promovida por la señora Tous Fernós en cuanto a la partición y adjudicación de la herencia del señor Don Manuel Fernós López (señor Fernós López) y únicamente mantuvo pendiente el nombramiento de un administrador judicial sobre dicho caudal. A juicio del foro primario, la acción instada por la apelante se había tornado contenciosa luego de que algunos miembros de la Sucesión

---

[1] Apéndice de la *Apelación*, Anejo 10, págs. 49-63.

del señor Fernós López levantaran múltiples controversias. Algunos de estos fueron las partes con interés de epígrafe: los señores Daniel Muñoz Fernós, Luis Muñoz Fernós y Rodrigo Fernós Riddick.

El 19 de agosto de 2024, emitimos una *Resolución* en la que le concedimos a las partes con interés, demás partes y herederos hasta el 28 de agosto de 2024 para presentar su alegato en oposición.

Transcurrido el término concedido a las demás partes para expresarse sobre los méritos de la *Apelación* sin que lo hicieran, damos por perfeccionado el recurso. En adelante, pormenorizaremos los hechos procesales relevantes para su atención.

**II.**

El caso de marras tiene su génesis el 1 de septiembre de 2023 cuando la señora Tous Fernós, sobrina y heredera del causante, radicó una *Petición de administración judicial, nombramiento de administrador y contador-partidor y liquidación y partición de caudal hereditario* (*Petición) ex parte* en la que solicitó al TPI que ordenara la administración judicial de la Sucesión Fernós López y nombrara un contador-partidor que comenzara la partición del caudal hereditario.[2] En ella, esbozó lo siguiente:

> - **LAS PARTES** -
> 1. Según la Resolución de Declaratoria de Herederos emitida el 31 de enero de 2017, enmendada *nunc pro tunc* el 7 de febrero de 2017, eran los únicos y universales herederos del Causante su hermana Sol Matilde Fernós López y veintiún (21) sobrinos. Para sus nombres y domicilios refiérase a la Resolución **(Exhibit A).**
> 2. Con posterioridad a haberse dictado dicha Resolución *Nunc Pro Tunc* fallecieron los herederos Sol Fernós López y Gonzalo Fernós Figarelli, ambos domiciliados en Puerto Rico. Se incluye como **Exhibit** B las declaratorias de herederos correspondientes a los causantes [Sol] Fernós López y Fernós Figarelli.
> **- BIENES SUJETOS A PARTICIÓN –**
> 3. El causante dejó bienes inmuebles y muebles sujetos a partición, los cuales se encuentran identificados y valorados en el Certificado de Cancelación de Gravamen Contributivo,

---

[2] Íd., Anejo 1, págs. 1-20.

número 0267832180118, número de serie 1875400900072, expedido el 18 de enero de 2018. **(Exhibit** C).[3]

4. Surge del referido documento que la mayoría de los bienes sujetos a partición están localizados en Puerto Rico, pero uno de los inmuebles ubica en el estado de la Florida, EE.UU.

**- JURISDICCIÓN Y COMPETENCIA -**

5. A tenor con lo dispuesto en las Reglas 3.1y3.5 de las de Procedimiento Civil, este Honorable Tribunal tiene jurisdicción sobre las partes y es competente para atender este asunto porque a la fecha del fallecimiento el causante tenía su residencia en el Municipio de Carolina. Véase también el articulo 556 Código de Enjuiciamiento Civil, 32 L.P.R.A § 2361, la que dispone que la petición se presentará en la residencia del finado a la fecha de su fallecimiento.

**- NOMBRAMIENTO DE ADMINISTRADOR JUDICIAL Y CONTADOR PARTIDOR -**

6. La Peticionaria interesa que el tribunal designe un administrador judicial y contador-partidor para tramitar y cumplir con las obligaciones del caudal, así como la partición y adjudicación de este a sus legítimos herederos.

7. La Peticionaria entiende que debido a los numerosos herederos que forman parte de la Sucesión – los cuales tienen domicilios en distintos países[4]- y a que todavía quedan asuntos pendientes por realizar en cuanto a los bienes que ubican en y fuera de Puerto Rico, es apremiante nombrar un administrador judicial y contador-partidor para que administre los bienes del caudal, gestione su avalúo, y proponga el cuaderno particional con la mayor prontitud posible.

8. La Peticionaria respetuosamente propone al CPA Eduardo R. Jiménez Viñas para que este asuma las funciones de administrador y contador-partidor, ver **Exhibit D** (carta de presentación y resumé). El CPA Jiménez Viñas tiene vasta experiencia ejerciendo las funciones aquí propuestas para otras sucesiones e, incluso, en varias ocasiones ha fungido como perito nombrado por el tribunal. Además, los términos económicos propuestos para sus servicios son razonables.

**Por Todo Lo Cual** la Peticionaria respetuosamente solicita del Honorable Tribunal que acoja esta Petición y, tras los tr[á]mites de rigor, ordene la administración judicial de la Sucesión de Don Manuel Fernós Lopez y para ello nombre al CPA Eduardo R. Jiménez Viñas como administrador y contador-partidor, encomendándole que prepare el inventario, cumpla con las obligaciones de la Sucesión, gestione el avalúo y proponga la liquidación y partición del caudal de la Sucesión de Don Manuel Fernós López.[5]

Además, acompañó la *Petición* con copia de los documentos mencionados.

---

[3] Sobre este particular se incluyó la nota al calce número 1, en la que se expresó: "Se informa que en la Planilla de Caudal Relicto no se incluyó un inmueble localizado en el municipio de Utuado cuyos titulares registrales son el causante y su esposa, también fallecida, Margarita Román.

[4] Sobre este, se incluyó la nota al calce número 2, en la que se adujo: "La administración judicial será necesaria "[c]uando todos o alguno o algunos de los herederos estén ausentes, y no tengan representante legítimo en la jurisdicción del último domicilio de la persona finada, o lugar donde radiquen sus bienes [...]". Artículo 558 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2363.

[5] Apéndice de la *Apelación*, Anejo 1, págs. 2-3.

El 5 de septiembre de 2023, la señora Tous Fernós presentó una *Moción para que se expidan citaciones y solicitud de orden para notificar por edictos* en la que solicitó que se expidieran citaciones para los herederos con domicilio en Puerto Rico y que se ordenara la publicación de edictos para aquellos con domicilio en Estados Unidos y en Europa.[6] Asimismo, informó que la señora Sol Fernós López sería sustituida por sus cuatro (4) hijos, mientras que el señor Gonzalo Fernós Jones sería sustituidos por sus dos (2) hijos.

El 20 de septiembre de 2023, el TPI emitió una *Orden* para la expedición de las citaciones y los edictos solicitados.[7] La notificación incluyó el señalamiento de una vista para el 23 de enero de 2024 por videoconferencia.

Luego de diligenciadas las citaciones y publicados los edictos, varios de los herederos comparecieron mediante *Moción por derecho propio*[8], mientras que el 18 de enero de 2024, los señores Daniel y Luis Muñoz Fernós (en conjunto, interventores) presentaron una *Moción anunciando representación legal de parte interventora* en la que solicitaron al TPI que autorizara su intervención y representación legal.[9]

El 18 de enero de 2024, el TPI emitió una *Orden* en la que le ordenó a los señores Muñoz Fernós a cumplir con la Regla 21.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1.[10] Entretanto, respecto a cada una de las mociones por derecho propio, el foro primario emitió *Órdenes* en las que recordó a las partes que la representación por derecho propio no era automática y que debía determinarse

---

[6] Entrada Núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC)

[7] Entrada Núm. 3 del expediente digital del caso en el SUMAC. Notificada y archivada digitalmente en autos el 27 de septiembre de 2023.

[8] Entradas Núm. 15, 16, 17, 23, 24 y 25 del expediente digital del caso en el SUMAC.

[9] Entrada Núm. 18 del expediente digital del caso en el SUMAC.

[10] Entrada Núm. 22 del expediente digital del caso en el SUMAC. Notificada y archivada digitalmente en autos el 19 de enero de 2024.

según los criterios de la Regla 9.4 de Procedimiento Civil, *supra*, R. 9.4.[11]

El 22 de enero de 2024, los interventores Daniel Muñoz Fernós y Luis Muñoz Fernós radicaron una *Moción en cumplimiento de orden* en la que solicitaron que se les permitiera intervenir porque, como herederos y miembros de la Sucesión Fernós López, podrían verse perjudicados directamente por las decisiones a tomarse en el caso.[12] Aún más, plantearon lo siguiente: "[a]l presente existen algunas controversias entre los herederos que habrá de resolver previo a la liquidación como lo es la administración de los bienes del causante por varios años".[13]

El 23 de enero de 2024, se celebró la vista señalada, cuyas incidencias quedaron recogidas en una *Minuta,* notificada a las partes y archivada digitalmente en autos el 12 de febrero de 2024.[14] Según allí consta, entre otras disposiciones, el TPI les concedió a las partes un término de veinte (20) días para que discutieran la posibilidad de llegar a un acuerdo respecto al contador partidor. De igual manera, señaló una vista presencial para el 8 de abril de 2024.

El 12 de febrero de 2024, el señor Rodrigo Fernós Riddick (señor Fernós Riddick) presentó una moción titulada *Súplica: Limitaciones al Administrador y gestiones concernientes a la Colección de Arte* en la que solicitó al TPI que le impusiera ciertas restricciones al administrador judicial que fuera nombrado.[15] Según alegó, imponer estas condiciones era necesario debido a ciertas irregularidades administrativas y financieras en el control de activos de la Sucesión Fernós López por su administradora actual, la señora

---

[11] Entradas Núm. 19, 20, 21, 26, 27, y 28 del expediente digital del caso en el SUMAC.
[12] Apéndice de la *Apelación,* Anejo 2, págs. 21.
[13] Íd.
[14] Íd., Anejo 5, págs. 35-38.
[15] Entrada Núm. 38 del expediente digital del caso en el SUMAC.

Lucy Tous Fernós, y el señor Daniel Muñoz Fernós, a quienes les imputó negligencia en el manejo y administración del caudal.

Ese mismo día, el TPI emitió, notificó y archivó digitalmente una *Orden* en la que dispuso que atendería el asunto del administrador judicial una vez las partes se expresaran sobre la posibilidad de atender la partición dentro del mismo pleito.[16]

Asimismo, la apelante radicó una *Moción sobre reunión sostenida entre la representación legal de la peticionaria y la representación legal de Daniel Muñoz Fernós y Luis Muñoz Fernós* en la que informó que las partes no se pusieron de acuerdo respecto a la administración judicial de los bienes y el nombramiento de un administrador judicial y contador-partidor.[17]

A su vez, el foro primario emitió una *Orden* en la que le concedió a los interventores hasta el 26 de febrero de 2024 para expresarse respecto a la solicitud de consolidar el nombramiento del administrador judicial con la partición de herencia dentro del mismo procedimiento.[18]

El 26 de febrero de 2024, los interventores presentaron una *Moción en cumplim[iento] de orden* en la que expresaron que el procedimiento *ex parte* instado por la señora Tous Fernós no era el correcto para atender el caso porque existían controversias entre los sucesores que requerían ser atendidas previo a la adjudicación, división y liquidación del caudal.[19]

Entre estas controversias, destacaron que: (1) el caso requería descubrimiento de prueba para preparar el inventario y avalúo del caudal hereditario y la deducción de bajas, créditos y posible colación; (2) la *Planilla de Caudal Relicto* presentada por la apelante estaba incompleta y sus valores debían ajustarse; (3) según

---

[16] Entrada Núm. 39 del expediente digital del caso en el SUMAC.
[17] Entrada Núm. 41 del expediente digital del caso en el SUMAC.
[18] Entrada Núm. 42 del expediente digital del caso en el SUMAC. Notificada y archivada digitalmente en autos el 13 de febrero de 2024.
[19] Apéndice de la *Apelación,* Anejo 6, págs. 39-40.

impugnó el señor Fernós Riddick, existía controversia sobre la administración del caudal por la señora Lucy Tous Fernós, quien tampoco había rendido informes sobre su gestión; (4) se desconocían con exactitud los bienes del caudal; y (5) los interventores poseían una reclamación específica sobre uno de los bienes, el cual debía estar destinado exclusivamente a su madre.

El 29 de febrero de 2024, la señora Tous Fernós radicó una *Respuesta en reacción a la moción de los coherederos Muñoz Fernós presentada en cumplimiento de orden* en la que solicitó al TPI que descartara los planteamientos de los interventores y, celebrada la vista pautada, designara al administrador judicial y contador-partidor.[20] De acuerdo con la apelante, independientemente de que un pleito de administración judicial y partición de herencia se torne adversativo, deberá ser tramitado en torno al procedimiento expedito dispuesto en los Arts. 556-605 Código de Enjuiciamiento Civil, 32 LPRA secs. 2361-2626, según ha dispuesto nuestro Tribunal Supremo.

Ese mismo día, el TPI emitió una *Orden* en la que dio por sometido el asunto para su disposición.[21]

El 7 marzo de 2024, el señor Fernós Riddick presentó una moción titulada *Apoyo a moción de Coherederos Mu[ñ]oz Fernós* en la que se unió al planteamiento de los interventores y reiteró que existían serias dudas respecto a la gestión de la administradora actual del caudal.[22]

El 11 de marzo de 2024, la apelante radicó una *Respuesta a escritos presentados por el coheredero Rodrigo Fernós Riddick* en la que solicitó al TPI que diera por no puestas las mociones del señor

---

[20] Íd., Anejo 7, págs. 41-44.
[21] Entrada Núm. 46 del expediente digital del caso en el SUMAC. Notificada y archivada digitalmente en autos el 5 de marzo de 2024.
[22] Entrada Núm. 47 del expediente digital del caso en el SUMAC.

Fernós Riddick porque no había sido autorizado a representarse a él mismo.[23]

El 15 de marzo de 2024, el señor Fernós Riddick presentó una *Moción informativa sobre la magnitud de la posible malversación de Lucy Tous Fernós* en la que reiteró su alegación sobre la posible malversación por la administradora actual del caudal hereditario, específicamente de una propiedad en el estado de la Florida.[24] En esta ocasión, estimó la magnitud de esta en $372,232.11 porque, según la tendencia de aumento en el valor de las propiedades en dicho estado por los pasados diez (10) años, se pudieron haber devengado cerca de $290,232.00 en alquiler de la propiedad durante los últimos siete (7) años.

El 18 de marzo de 2024, el TPI emitió una *Orden* en la que apercibió a las partes sobre no mezclar causas de acción con la *Petición.*[25]

El 21 de marzo de 2024, el señor Fernós Riddick radicó una *Moción aclaratoria: El problema de las sustituciones como causa de acción hereditaria* en la que reiteró, entre otras cosas, su petición de que se realizara descubrimiento de prueba sobre la gestión de la administradora del caudal.[26]

Ese mismo día, el TPI emitió, notificó y archivó digitalmente en autos una *Orden* en la que dio por sometido el asunto y dictó que no se permitiría ningún escrito adicional al respecto.[27]

El 1 de abril de 2024, el TPI emitió la *Sentencia Parcial* apelada en la que desestimó y archivó la acción judicial respecto a la partición y adjudicación de la herencia del señor Fernós López y

---

[23] Entrada Núm. 49 del expediente digital del caso en el SUMAC.
[24] Apéndice de la Apelación, Anejo 8, págs. 45-47.
[25] Íd., Anejo 9, pág. 48. Notificada y archivada digitalmente en autos el 19 de marzo de 2024.
[26] Entrada Núm. 52 del expediente digital del caso en el SUMAC.
[27] Entrada Núm. 53 del expediente digital del caso en el SUMAC.

ordenó la continuación del procedimiento en cuanto al nombramiento del administrador judicial únicamente.[28]

A juicio del foro primario, la señora Tous Fernós inició el procedimiento *ex parte,* de jurisdicción voluntaria y de carácter no contencioso, solicitando tres acciones: (1) el nombramiento de un administrador judicial de los bienes de la Sucesión Fernós López; (2) el nombramiento de un contador-partidor; y (3) la partición y la adjudicación de la herencia. No obstante, resolvió que se tornó contencioso en cuanto a la última de estas porque los miembros de la Sucesión Fernós López presentaron reclamaciones y controversias que se debían atender antes de dividir y liquidar el caudal. Estas eran que: (1) la *Planilla de Caudal Relicto* estaba incompleta y se debían ajustar los valores incluidos en ella; (2) la administradora actual no rindió informes de su gestión; (3) se desconocían los bienes del caudal; y (4) algunos miembros presentaron alegaciones sobre bienes específicos. Como dilucidar estas controversias requeriría descubrimiento de prueba, determinó que correspondía atender la partición de herencia en un caso contencioso distinto, en el que se haya emplazado a los herederos como partes indispensables y no meramente citado, como en el presente procedimiento. Por todo ello, concluyó que la *Petición* no cumplía con los requisitos necesarios para considerar la partición de herencia.

En consecuencia, desestimó la causa respecto a la partición de la herencia y conservó el procedimiento únicamente para atender el nombramiento de un administrador judicial.

---

[28] Apéndice de la *Apelación,* Anejo 10, págs. 49-63. Notificada y archivada digitalmente en autos el 2 de abril de 2024.

El 17 de abril de 2024, la señora Tous Fernós presentó una *Moción de reconsideración* en la que solicitó al foro primario que reconsiderara su dictamen.[29]

Posteriormente, el 11 de junio de 2024, el TPI emitió una *Resolución* en la que designó al Lcdo. Ángel M. Flores Rivera como Administrador Judicial de los bienes del caudal hereditario de la Sucesión Fernós López.[30]

El 24 de junio de 2024, el TPI emitió una resolución, titulada *Sentencia,* en la que declaró No Ha Lugar la reconsideración solicitada por la apelante y ordenó el cierre y archivo del caso.[31]

El 29 de julio de 2024, la señora Tous Fernós presentó la *Apelación* de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> PRIMERO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA ACCIÓN JUDICIAL REFERENTE A LA PARTICIÓN DE LA HERENCIA DEL CAUSANTE, DON MANUEL FERNÓS LÓPEZ, BAJO EL FUNDAMENTO DE QUE LA MISMA NO PUEDE TRAMITARSE BAJO LA LEY DE PROCEDIMIENTOS LEGALES ESPECIALES, ELLO A PESAR DE QUE LA JURISPRUDENCIA DEL TRIBUNAL SUPREMO DE PUERTO RICO, ASÍ COMO VARIOS CASOS RESUELTOS POR DISTINTOS PANELES DEL TRIBUNAL DE APELACIONES DISPONEN QUE UN CASO EX PARTE DE PARTICIÓN DE HERENCIA, PRESENTADO BAJO DICHO PROCEDIMIENTO, AL CONVERTIRSE EN CONTENCIOSO, NO DEBE DESESTIMARSE.
>
> SEGUNDO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA ACCIÓN DE PARTICIÓN DEBE INCOARSE COMO UN PLEITO CIVIL ORDINARIO E INSTRUIR QUE SE PRESENTE UNA DEMANDA EN UN CASO SEPARADO.

Es su contención que las posibles controversias no eximen al tribunal de atender el asunto presentado. A su entender, el Código de Enjuiciamiento Civil, *supra,* designó un procedimiento expedito y ágil para la administración y partición de la herencia que no deberá descarrilarse, incluso cuando se suscitan disputas entre los

---

[29] Íd., Anejo 12, págs. 66-77.
[30] Íd., Anejo 13, págs. 78-85. Notificada y archivada digitalmente en autos el 12 de junio de 2024.
[31] Íd., Anejo 14, págs. 86-92. Notificada y archivada digitalmente en autos el 26 de junio de 2024.

herederos o acreedores del causante. En todo caso, argumenta que las posibles controversias levantadas por algunos herederos podrían atenderse dentro del procedimiento especial de partición, mediante un trámite dotado de características análogas a las de un juicio contencioso.

Además, cuestiona que el caso se haya tornado contencioso porque los coherederos meramente anticiparon que pudieran existir controversias. Igualmente, aduce que el foro primario obvió que todos los herederos están bajo la jurisdicción del tribunal.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

### III.

### A.

Cuando se habla de jurisdicción voluntaria se refiere a los asuntos en los que, por disposición legal o solicitud de parte, se requiere la intervención de un tribunal para su tramitación, incluso cuando no se promueve una controversia entre las partes. *RPR & BJJ, Ex parte,* 207 DPR 389, 404 (2021). Así, un procedimiento de jurisdicción voluntaria inicia con la presentación de una solicitud *ex parte* y no se limita únicamente a que comparezca una sola parte. Íd., pág. 405. Además, por su naturaleza no contenciosa, se suele aplicar a peticiones como la declaratoria de herederos, la adveración de testamentos ológrafos y la autorización o administración judicial. Íd.

Ahora bien, un caso de jurisdicción voluntaria puede convertirse en un procedimiento contencioso si una parte comparece oponiéndose o pretendiendo un interés adverso al de la parte peticionaria. Íd. (citando a *Rivera v. Corte,* 68 DPR 673, 676 (1948)). Ante una controversia genuina, al foro primario le toca adjudicarla mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso, llevándose de forma tal que

garantice una solución justa, rápida y económica del procedimiento. Íd., págs. 405-406; **Batiz v. Tribunal Superior,** 104 DPR 41, 45-46 (1975). Esto es, libre de formalismos y sutilezas legalistas. Íd., pág. 406.

Empero, si la ley aplicable exige que la reclamación de un derecho en casos contenciosos sea promovida mediante una demanda y que la parte demandada sea emplazada para traerla a la jurisdicción del tribunal, la parte estará obligada a observar dicho trámite. Íd. Tal es el caso de las cuestiones litigiosas, las cuales la Regla 16.1 de Procedimiento Civil, *supra,* R. 16.1 pauta que no pueden adjudicarse correctamente sin la presencia de una parte cuyo interés o derecho puede verse seriamente afectado por una determinación judicial. Íd., pág. 407. Sabido es que la ausencia de una parte indispensable priva a los tribunales de jurisdicción para resolver una controversia y si esta ocurre, el caso debe desestimarse. Íd.

A su vez, la determinación sobre la necesidad de acumular a una parte por ser indispensable es una tarea que determinará el tribunal, caso a caso, según el tipo de pleito. Íd., pág. 408. Esto debe hacerlo a base de un análisis contextual del asunto en un ejercicio de consideración pragmática de los intereses implicados. Íd. Así, el tribunal debe "hacer una evaluación jurídica de factores, tales como el tiempo, el lugar, el modo, las alegaciones, la prueba, la clase de derechos, los intereses en conflicto, el resultado y la formalidad". Íd., pág. 409. En esto, es fundamental determinar si se puede hacer justicia, conceder un remedio final y completo, sin afectar los intereses de la parte ausente. Íd. (citando a **Pérez Rosa v. Morales Rosado,** 172 DPR 216, 223 (2007)).

**B.**

En nuestro ordenamiento jurídico, tras la muerte de una persona, uno de los mecanismos diseñados para la protección de los

bienes del fallecido es la administración judicial, prescrita principalmente por los Arts. 556-599 del Código de Enjuiciamiento Civil, *supra* secs. 2361-2592. Este se instituye para proteger a todos los que puedan tener un interés legítimo en el caudal en aras de conservar los bienes del causante para que, más adelante, puedan distribuirse entre las personas con derecho a recibirlos. ***Vilanova et al. v. Vilanova et al.,*** 184 DPR 824, 887-888 (2012). En lo pertinente, el Art. 556 del Código de Enjuiciamiento Civil, *supra* sec. 2361, establece que:

> El albacea testamentario de la última voluntad de un finado, y en caso de que no lo hubiere nombrado o no dejare testamento con validez legal el cónyuge de la persona finada, o cualquier heredero forzoso, o persona que se presente como heredero testamentario, o legatario, o cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada, podrá, mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de dicha persona finada. La petición se presentará en la sala del Tribunal de Primera Instancia que tuviere jurisdicción en la última residencia de la persona finada o lugar donde radica la mayor parte de sus bienes, y en ella se hará constar bajo juramento:
> (1) La muerte de la persona finada.
> (2) Las circunstancias relativas a su último testamento, incluso la fecha en que lo otorgó y lugar en que se halla protocolizado; y en caso que hubiese muerto ab intestato, se hará constar que, según los informes y creencias del peticionario, no dejó testamento válido, especificándose la procedencia y fundamentos de tales informes y creencia.
> (3) El interés y derecho de acción del peticionario.
> (4) Los nombres y respectivos domicilios de las demás personas con derecho a sucesión en los bienes de la persona finada.
> (5) Que la persona finada dejó bienes sujetos a partición con expresión de la cuantía y naturaleza de dichos bienes.

Entretanto, el Art. 558 del Código de Enjuiciamiento Civil, *supra* sec. 2363, dispone que la administración judicial será necesaria, entre otras razones, cuando "todos o alguno o algunos de los herederos estén ausentes, y no tengan representante legítimo en la jurisdicción del último domicilio de la persona finada o lugar donde radiquen sus bienes".

También, el Art. 559 del Código de Enjuiciamiento Civil, *supra* sec. 2364, obliga a la citación de todos los herederos y legatarios,

entre otras figuras. Las citaciones, conforme al Art. 561 del Código de Enjuiciamiento Civil, *supra* sec. 2366, deberán realizarse personalmente a las partes cuyo domicilio fuera conocido o que pudiesen ser halladas siguiendo los parámetros para el diligenciamiento personal de los emplazamientos de la Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4. Ahora, aquellos cuyo domicilio o paradero fuera desconocido, se les citará por edicto, en conformidad con la Regla 4.5 de Procedimiento Civil, *supra*, R. 4.5.

Sobre el nombramiento del administrador, el Art. 564 del Código de Enjuiciamiento Civil, *supra* sec. 2369, prescribe lo siguiente:

> El día y hora señalados en la citación y después de oír personalmente o por medio de sus abogados a las partes que hubieren comparecido nombrará el juez un administrador. Podrá nombrar al cónyuge sobreviviente o a la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para desempeñar el cargo; y si no la tuviere, o si todos fueren igualmente interesados, o se presentaren objeciones a tal nombramiento, designará el juez un extraño de reconocida honradez y capacidad.

La decisión de nombrar un administrador judicial depende de los hechos de cada caso y puede ser ordenada por el tribunal. ***Vilanova et al. v. Vilanova et al.,*** supra, pág. 888.

**IV.**

Mediante la *Sentencia Parcial* recurrida, ante una *Petición* de carácter *ex parte* para que se nombrara un administrador judicial sobre un caudal hereditario, se designara un contador-partidor y se procediera con la partición y adjudicación de una herencia, el TPI desestimó el último de estos asuntos y reservó el procedimiento para determinar el primero. Así lo estimó necesario porque, como varios de los herederos del causante plantearon controversias sobre el caudal hereditario y su administración actual, entendió que el asunto se había tornado contencioso, requeriría descubrimiento de prueba entre las partes para su atención y necesitaría el

emplazamiento de todos los herederos por tratarse de partes indispensables.

En desacuerdo, la señora Tous Fernós plantea que las posibles controversias, meramente anticipadas por los herederos, no tornaron el asunto en uno contencioso y, de todas formas, no eximen al TPI de atender la partición de la herencia dentro del procedimiento instado. Es su posición que la jurisprudencia ha delineado que el procedimiento expedito establecido en el Código de Enjuiciamiento Civil, *supra*, para la partición de la herencia no debe descarrilarse ante disputas entre los herederos del causante. Asimismo, arguye que el foro primario adquirió jurisdicción sobre todos los herederos.

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, en correcta práctica adjudicativa apelativa, resolvemos que el TPI no incidió en los errores señalados. En esencia, el foro primario estimó, correctamente, que el asunto de la partición de la herencia se había tornado contencioso, provocando la necesidad de iniciar un pleito civil ordinario distinto al procedimiento *ex parte* comenzado en la *Petición* promovida por la apelante. Esta determinación fue conforme a derecho, puesto que el foro primario evaluó las circunstancias particulares del caso, en especial las disputas levantadas por otros coherederos, y concluyó que el procedimiento instado no era el correcto para dilucidar esas controversias. Así, resolvió que el procedimiento *ex parte* se tornó incompatible con la adjudicación contenciosa de la partición de herencia según las alegaciones de las partes, los intereses en conflicto y la clase de derechos reclamados, tales como el derecho a la propiedad y a un debido proceso de ley. Por ello, dejó la atención de la partición de herencia para otro pleito, futuro y separado, pero conservó el procedimiento de epígrafe para lo que sí podía hacer:

nombrar un administrador judicial, lo cual hizo posteriormente con su *Resolución* del 11 de junio de 2024.

Por esa razón, de un examen sosegado de la *Sentencia parcial* apelada se desprende que el foro primario realizó el análisis jurídico correspondiente de factores para llegar a su conclusión y determinó que no se podía conceder un remedio final y completo sin antes realizar descubrimiento de prueba y sin afectar los intereses de las partes presentes y ausentes, quienes no fueron emplazadas, sino meramente citadas. Ninguna de las partes, radicadas dentro o fuera de la jurisdicción del Estado Libre Asociado de Puerto Rico, fue emplazada personalmente como requieren las Reglas de Procedimiento Civil, *supra*, al tratarse de un asunto contencioso en su contra. No encontramos jurídicamente correcto elevar las citaciones diligenciadas en este caso a emplazamientos que traen a las partes a la jurisdicción del tribunal para la atención en los méritos de todos los asuntos ocurridos y por ocurrir relacionados a la Sucesión Tous Fernós, sin poder ejercer su derecho a defender sus intereses plenamente y a cabalidad. Ese curso de acción no serviría los fines de la justicia, así como concluyó el TPI. Otorgamos deferencia a la determinación judicial del foro recurrido y no encontramos razón alguna para variar esa determinación del foro primario.

**V.**

Por los fundamentos pormenorizados, se *confirma* la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones